# STATE OF MICHIGAN

# COURT OF APPEALS

In re D. D. O. ANDERSON, Minor.

UNPUBLISHED
August 11, 2016

No. 331369
Kalamazoo Circuit Court
Family Division
LC No. 2012-000516-NA

Before: SERVITTO, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

Respondent father appeals by right the January 12, 2016 order terminating his parental rights to the minor child under MCL 712A.19b(3)(b)(*i*), (c)(*i*), (c)(*ii*), (g), and (j). We affirm.

After the minor child was born in 2011, several incidences of domestic violence between respondent and the child's mother were reported to the police. Child Protective Services (CPS) filed a petition, alleging that this pattern of domestic violence posed a substantial risk of harm to the child's well-being. The child remained in the mother's care after the petition was filed, and respondent and the mother were ordered by the trial court to have no contact. The child's mother also obtained a personal protection order (PPO) against respondent. Respondent was arrested for violating that PPO on multiple occasions.

Eventually, a supplemental petition was filed requesting removal of the child from the mother's home. The petition alleged that another domestic violence incident occurred between the two parents, and the child received bruising to his right eye. Following the filing of this petition, the child was removed from his mother's care. Throughout the remainder of the multi-year proceeding, respondent, and the child's mother continued to engage in domestic violence. They lived together for periods of time and then separated. Respondent and the child's mother participated in, but never completed, couples' counseling, and, at the time of termination, respondent had not yet rectified the domestic violence barrier. Furthermore, at the termination hearing, the caseworker expressed concern with respondent's emotional stability and possible substance abuse. The trial court terminated respondent's parental rights to the minor child after a two-day termination hearing held on December 15, 2015, and January 12, 2016. The trial court found that statutory grounds had been proven by clear and convincing evidence to terminate respondent's parental rights and that termination was in the best interests of the child. Respondent now appeals by right.

Respondent first argues that his due process rights were violated when the trial court allowed an attorney who represented the child's mother in a criminal matter to represent

-1-

respondent at a hearing in the child protective proceeding. We review this claim for plain error affecting respondent's substantial rights because he raises it for the first time on appeal. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008).

When a conflict of interest of counsel is alleged, a respondent must prove "actual prejudice" to be entitled to reversal. *In re Osborne (On Remand, After Remand)*, 237 Mich App 597, 603; 603 NW2d 824 (1999). Respondent has not done so here. The attorney with the alleged conflict of interest only represented respondent as substitute counsel at one hearing in the multi-year proceeding. She admitted on the record that she previously represented the child's mother in a criminal matter involving domestic assault charges, presumably with respondent as the victim.[1] No party objected to her representation of respondent at that time.

There is nothing in the record supporting a conclusion that the alleged conflict of interest prejudiced respondent. The attorney argued for the permanency goal to remain reunification, requested couples counseling for father and the child's mother, and asked for respondent's parenting time to be increased or moved to unsupervised visits. The outcome of the hearing did not negatively impact respondent, as the trial court maintained the goal of reunification and allowed the agency to have discretion in giving respondent unsupervised parenting time. We find no support that the attorney's representation of father actually prejudiced him, and, thus, no plain error affecting his substantial rights. See *Osborne (On Remand, After Remand)*, 237 Mich App at 603; *Utrera*, 281 Mich at 8.

Next, respondent argues that his due process rights were violated because he was denied the opportunity to have the child returned to his sole care and custody. Because this issue was also not preserved, our review is limited to plain error affecting respondent's substantial rights. *Utrera*, 281 Mich at 8.

In *Santosky v Kramer*, 455 US 745, 753; 102 S Ct 1388; 71 L Ed 2d 599 (1982), the United States Supreme Court stated that "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State." The *Santosky* Court recognized all parents are entitled to "fundamentally fair procedures" in a termination proceeding. *Id.* But "[a] parent's right to control the custody and care of [his] children is not absolute" because the "state has a legitimate interest in protecting 'the moral, emotional, mental, and physical welfare of the minor[.]' " *In re Sanders*, 495 Mich 394, 409-410; 852 NW2d 524 (2014), quoting *Stanley v Illinois*, 405 US 645, 652; 92 S Ct 1208; 31 L Ed 2d 551 (1972).

While it is true that respondent was consistently denied the opportunity to have the child returned to his care throughout this proceeding, respondent cannot establish that this was plain error. At no point in the case did respondent rectify his barriers to reunification such that the child could be safely returned to his care. Even though there were periods of time when the agency had no concerns with respondent's parenting skills, housing, or employment, the primary

---

[1] It was never explicitly stated on the record that respondent was the victim of the charged domestic assault.

concerns regarding domestic violence and respondent's relationship with the child's mother still existed. They lived together for much of the proceeding, and multiple domestic violence incidents were reported. Even when they were not in a relationship, there remained a concern that they were still interacting with one another. Respondent never demonstrated that he could stay away from the child's mother and keep the child safe from harm. In addition, issues with respondent's emotional stability and substance abuse surfaced in the latter part of the proceeding. Accordingly, because the state had a legitimate interest in protecting the child's welfare, *Sanders*, 495 Mich at 409-410, it was not plain error for the trial court to order that the child could not be returned to respondent's care.

To the extent that respondent places blame on the child's mother for his own failure to have the child returned to his care, we find his claim to be without merit. Both parents had their own issues throughout the proceeding although the domestic violence remained the overarching concern. It is evident from the record that the relationship between respondent and the child's mother was unhealthy in many aspects, but they continued to interact with one another regardless. Because respondent has not established his right to due process was violated, he has not demonstrated plain error warranting relief from the termination order.

We affirm.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher